IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION

CANDACE CASIDA, individually,  )
etc.,                          )
                               )
            Plaintiff,         )
                               )
     v.                        )   No.  11 C 2110
                               )
SEARS HOLDINGS CORPORATION,    )
et al.,                        )
                               )
            Defendants.        )

                        MEMORANDUM ORDER

    This action, brought by Candace Casida ("Casida") "individually, and on behalf of all others similarly situated" against Sears Holdings Corporation and Sears, Roebuck & Co. (collectively "Sears," treated as a singular noun for convenience) has just been filed and assigned to this Court's calendar. This memorandum order is issued sua sponte because of some obviously problematic aspects of the Complaint.

    All of the charges in the Complaint share a common characteristic: They claim that Sears has misclassified its Assistant Managers as exempt from overtime requirements of federal and state labor laws. But the obvious problem is the combination of the Complaint's five counts in light of the fundamental difference between Count I and the other four.[1]

---

[1] Nothing said here speaks to the sustainability of any or all of the Complaint's claims. This memorandum order rather addresses the odd coupling that they represent in an action brought in this Northern District of Illinois.

Count I is advanced on behalf of (Complaint ¶15):

> All current and former Assistant Managers employed by Sears in Sears' full-line retail stores in the United States within the last three years.

That invocation of the Fair Labor Standards Act is correctly described in Complaint ¶15 as advancing "an 'opt-in' collective action pursuant to 29 U.S.C. §216(b)."

But all of the remainder--Counts II through V--purports to be advanced under Fed. R. Civ. P. ("Rule") 23 as a class action in which the class comprises (Complaint ¶17):

> All current and former Assistant Managers employed by Sears in Sears' full-line retail stores in the State of California within the last four years.

For that purpose Casida's counsel invokes both the supplemental jurisdiction provisions of 28 U.S.C. §1367(a)[2] and also the Class Action Fairness Act (Section 1332(d)). And on that score this Court would be called upon to construe and apply provisions of (1) the California Labor Code, (2) wage orders set out in California regulatory provisions, (3) the California Business and Professions Code and (4) the California Code of Civil Procedure. It seems painfully obvious that whatever may be said about bringing Count I in this judicial district (which is well known to be the location of Sears' principal place of business), the types of considerations that underpin Section 1404(a) would

---

[2] All further references to Title 28's provisions will simply take the form "Section--."

certainly appear to call for the claims in Counts II through V to be brought in a California, rather than Illinois, district court.

This Court is contemporaneously issuing its customary initial scheduling order. But Casida's counsel[3] are ordered on or before June 14, 2011 to file, and to serve on Sears' general counsel, a statement justifying the advancement of those state law claims here.

```
                              _____
                              Milton I. Shadur
                              Senior United States District Judge
```

Date: March 29, 2011

---

[3] Although the Complaint is signed by the member of a local (Oak Park, Illinois) law firm, it is obvious that the other two listed law firms--both located in San Francisco--are lead counsel.