IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **CANDACE CASIDA, individually, and on behalf of all others similarly situated,** | |
| **Plaintiff,** | Case No. 1:11-cv-02110 |
| v. | Honorable Milton I. Shadur |
| **SEARS HOLDINGS CORPORATION and SEARS, ROEBUCK & CO.,** | JURY TRIAL DEMANDED |
| **Defendants.** | |

## SECOND AMENDED COLLECTIVE ACTION COMPLAINT

### INTRODUCTION

1. Plaintiff Candace Casida, on behalf of herself and all others similarly situated, brings this collective action against Defendants Sears Holdings Corporation and Sears, Roebuck & Co. (collectively, "Sears" or "Defendants"), alleging that Sears misclassified its Assistant Managers as exempt from the overtime requirements of the Fair Labor Standards Act of 1938 ("FLSA"). The Assistant Managers at Sears retail stores lack the kind of independent judgment and discretion that is needed to qualify for the managerial exemptions to overtime protections under federal law. In addition, Assistant Managers do not perform non-manual labor that is directly related to the management policies or general business operations of Sears as required by the administrative exemption, do not manage the stores and departments in which they work in the manner contemplated by the executive exemption, and do not meet the other prongs of either the administrative or executive exemption tests. Moreover, the job of the Assistant Manager uniformly revolves around non-exempt work activities, such as merchandising, working the cash register, assisting customers, cleaning fixtures, stocking shelves, and accepting deliveries of incoming product. Plaintiff seeks relief from this Court in the form of unpaid wages, as well as additional

1

damages and equitable relief described herein.[1]

## JURISDICTION AND VENUE

2. The FLSA authorizes private rights of action to recover damages for violations of the FLSA's wage and hour provisions. 29 U.S.C. § 216(b). This Court has original federal question jurisdiction under 28 § U.S.C. § 1331.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391 because Sears maintains its principal place of business and headquarters in this district and conducts substantial business in this District sufficient to avail itself of personal jurisdiction in this District.

## PARTIES

4. Plaintiff Candace Casida is a California citizen residing in Bakersfield, California. From February 2007 until November 2010, Plaintiff was employed by Sears as an Assistant Manager in the Bakersfield, California Sears full-line retail store.

5. Defendant Sears Holdings Corporation ("Sears Holdings") is a Delaware corporation with its principal place of business in Hoffman Estates, Illinois. Sears Holdings Corporation does extensive business nationwide.

6. Defendant Sears, Roebuck and Co. is a New York Corporation and is a wholly owned subsidiary of Sears Holding Corporation. Its principal place of business is also in Hoffman Estates, Illinois and it does extensive business nationwide. Defendants are collectively referred to herein as "Sears" or "Defendants."

7. Defendants are or were the joint employers of Plaintiff and the employees she seeks to represent. Plaintiff is informed and believes that each and every of the acts and omissions alleged

---

[1] Plaintiff originally filed this action alleging violations of the FLSA and California state laws. *See* Docket No. 1. The state law claims were severed from this action and transferred to the Eastern District of California on June 27, 2011. *See* Docket No. 58; Case No. 1:11-cv-01052-AWI-JLT (E.D. Cal.). Plaintiff has revised her complaint in this District to retain the remaining FLSA claim pending in this Court.

herein were performed by, and/or attributable to, all Defendants, each acting as agents and/or employees, and/or under the direction and control of each of the other Defendants, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

## GENERAL ALLEGATIONS

8. Sears owns and operates approximately 900 "full-line" Sears-branded retail stores throughout the United States that sell apparel, home furnishings, hardware, and electronics.

### Sears' Misclassification of Its "Assistant Managers"

9. Sears employs multiple Assistant Managers in each of its full-line retail stores, and there is almost always more than one Assistant Manager on duty during business hours. At each store, Sears also employs retail associates who are compensated on an hourly basis and are eligible to earn overtime. Assistant Managers, while given some limited responsibilities in addition to those held by non-exempt associates, do not exercise independent judgment and discretion on matters of significance, do not perform work directly related to management policies or general business operations of Sears, do not manage the stores and departments in which they work, and do not have the authority to conduct management duties on a regular basis. Instead, Assistant Managers at Sears have a primary duty of non-exempt work that includes merchandising, working the cash register, assisting customers with routine inquiries, stocking shelves, cleaning fixtures, and receiving product shipments. Assistant Managers are required to perform these tasks day-in and day-out and spend the majority of their working hours engaged in these non-exempt tasks.

10. In order to ensure their assigned departments meet Sears corporate standards and are up to date with current products and promotions, Assistant Managers, who are not eligible for overtime pay, work long hours before the stores open and after the stores close performing non-

3

exempt work such as setting up sales racks and appropriate signage for displays. Much of this non-exempt work is required to be performed by Assistant Managers because Sears maintains a company-wide policy and practice of strictly controlling labor costs, and in particular, the hours of work of retail associates in accordance with sales expectations.

11. The limited job responsibilities Assistant Managers are given in addition to those held by other non-exempt store employees, such as scheduling associates and interviewing prospective employees, are strictly prescribed by company policies and procedures. Nonetheless, these activities do not comprise the majority of Assistant Managers working hours, are not their primary duties, and do not make the job properly classified as exempt.

### Sears' Failure To Pay Assistant Managers Overtime Wages

12. Sears prohibits its Assistant Managers from recording the time they spend working. Instead, regardless of the number of hours worked in a given week, Sears' payroll system automatically logs a pre-set number of hours per pay period. As an Assistant Manager at Sears' Bakersfield, California retail store, Plaintiff regularly worked more than 60 hours a week and sometimes more than 12 hours in a day. Plaintiff was classified as an "exempt" employee by Sears and was compensated on a salary basis at the rate of $40,000 per year. Plaintiff is informed and believes that Sears maintains a policy and practice of classifying all of its Assistant Managers as "exempt" employees under the FLSA and does *not* pay them overtime wages.

### COLLECTIVE ALLEGATIONS

13. Plaintiff brings Count I as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and a proposed collection of similarly situated employees defined as:

> All current and former Assistant Managers employed by Sears in Sears' full-line retail stores in the United States since March 28, 2008.

Plaintiff's consent to join this action was filed as Exhibit A to her original complaint. *See* Docket No. 1-1.

14. Plaintiff, individually, and on behalf of other similarly situated employees defined above, seeks relief on a collective basis challenging Sears' policy and practice of misclassifying Sears Assistant Managers as exempt from the FLSA's overtime requirements, failing to accurately record all hours worked by Assistant Managers, and failing to properly pay Assistant Managers for all hours worked, including overtime compensation. The number and identity of other similarly situated persons yet to opt-in and consent to be party-plaintiffs may be determined from the records of Sears, and potential opt-ins may be easily and quickly notified of the pendency of this action.

## COUNT I
## Violation of the FLSA

**(Brought Against Sears by Plaintiff Individually and on Behalf of All Others Similarly Situated)**

15. Plaintiff reasserts and re-alleges the allegations set forth above.

16. At all times material herein, Plaintiff and similarly situated employees have been entitled to the substantive rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq*.

17. The FLSA regulates, among other things, the payment of minimum wages and overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. Sears is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

18. Plaintiff and all similarly situated employees are victims of Sears' uniform and company-wide policies and practices that violate the FLSA. Sears violated the FLSA by, among other things, misclassifying its Assistant Managers as exempt from overtime and requiring them to work more than 40 hours per week without compensating them for overtime pay at one-and-one half times the employees' regular rates of pay. In the course of perpetrating these unlawful practices, Sears has also willfully failed to keep accurate records for all hours worked by its employees. These policies and practices, in violation of the FLSA, have been applied to all Assistant Managers employed by Sears nationwide.

19. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from the FLSA's overtime pay obligations. None of the FLSA exemptions apply to Plaintiff and similarly situated Assistant Managers.

20. Plaintiff and all similarly situated employees are entitled to damages equal to the unpaid overtime pay within the past three-years, plus periods of equitable tolling, because Sears has acted willfully and knew or showed reckless disregard for whether its conduct was prohibited by the FLSA.

21. Sears has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and, as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages recovered in this action. Alternatively, Plaintiff and all similarly situated employees are entitled to an award of pre- and post-judgment interest at the applicable legal rates. As a result of aforesaid willful violations of the FLSA's provisions, compensation has been unlawfully withheld by Sears from Plaintiff and all similarly situated employees. Accordingly, Sears is liable pursuant to 29 U.S.C. § 216(b) for unpaid wages, together with an additional amount as

liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, and costs of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on her own behalf and on behalf of a proposed class of all others similarly situated, prays for relief as follows:

1. An order certifying that Count I of this action may be maintained as a collective action and directing notice of the pendency and the ability to opt-in be send to potential plaintiffs;

2. Compensatory and liquidated damages, in an amount to be proven at trial based on, among other things, the unpaid balance of compensation owed by Sears;

3. An order enjoining Sears from pursuing the unlawful policies, acts and practices complained of herein;

4. Attorneys' fees pursuant to, among other things, 29 U.S.C. § 216(b);

5. Costs of this suit;

6. Pre- and post-judgment interest; and

7. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury of all issues triable by jury.

DATED:  August 3, 2011 Respectfully submitted,

By: /s/ Daniel J. Kurowski
Elizabeth A. Fegan
Daniel J. Kurowski
HAGENS BERMAN SOBOL SHAPIRO LLP
1144 W. Lake Street, Suite 400
Oak Park, Illinois 60301
Telephone:  (708) 628-4949
Facsimile:  (708) 628-4950
E-mail: beth@hbsslaw.com
E-mail: dank@hbsslaw.com

Eric H. Gibbs (*pro hac vice*)
Philip B. Obbard (*pro hac vice*)
Matthew B. George (*pro hac vice*)
GIRARD GIBBS LLP
601 California Street, 14th Floor
San Francisco, California  94108
Telephone:  (415) 981-4800
Facsimile:   (415) 981-4846
E-mail: ehg@girardgibbs.com
E-mail: pbo@girardgibbs.com
E-mail: mbg@girardgibbs.com

Todd M. Schneider (*pro hac vice*)
Joshua G. Konecky (*pro hac vice*)
Lisa M. Bowman (*pro hac vice*)
SCHNEIDER WALLACE COTTRELL BRAYTON KONECKY LLP
180 Montgomery Street, Suite 2000
San Francisco, California 94104
Telephone: (415) 421-7100
Facsimile: (415) 421-7105

*Attorneys For Individual and Representative Plaintiff Candace Casida*

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on August 3, 2011 a true and correct copy of the foregoing *Second Amended Collective Action Complaint* was filed with the Court by the CM/ECF system, which caused notice to be sent to all counsel of record.

By: /s/ Daniel J. Kurowski